UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SOL SPATES and WESLEY LEWIS,** individually and on behalf of a class of similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> **ROADRUNNER TRANSPORTATON SYSTEMS, INC. and ADRIAN CARRIERS, LLC,** <br><br> Defendants. | Case No: 1:15-cv-8723 <br><br> **JURY DEMANDED** |

## CLASS ACTION COMPLAINT

**I.     INTRODUCTION**

1.     Plaintiffs Sol Spates and Wesley Lewis (collectively, "Plaintiffs") bring this class action on behalf of themselves and a class of persons similarly situated, who have performed delivery driving work for Defendants Roadrunner Transportation Systems, Inc. and Adrian Carriers, LLC, (collectively, "Defendants") in the State of Illinois at any time during the applicable limitations period, and who were classified as independent contractors rather than employees. Plaintiffs allege that although Defendants classified them and other similarly situated delivery drivers as independent contractors, they were in fact Defendants' employees under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/2. Plaintiffs further allege that they were not paid proper wages and that improper deductions were made from their wages, in violation of the IWPCA, 820 ILCS 115/9, that Defendants were unjustly enriched, and that Plaintiffs should recover *in quantum meruit*.

1

**II.     THE PARTIES**

2.      Plaintiff Sol Spates ("Spates") is an adult resident of Chicago, Illinois. Spates provided delivery driving services for the Defendants in the State of Illinois from approximately November 2013 to December 2014.

3.      Plaintiff Wesley Lewis ("Lewis") is an adult resident of Chicago, Illinois. Lewis provided delivery driving services for the Defendants in the State of Illinois from approximately October 2013 to March 2015.

4.      The above-named Plaintiffs bring this action on behalf of a class of similarly-situated individuals, namely, all other persons who have worked for the Defendants as delivery drivers in Illinois at any time during the applicable limitations period and who have been classified as independent contractors rather than employees.

5.      Defendant Roadrunner Transportation Systems, Inc. is a foreign corporation incorporated under the laws of Delaware with its headquarters in Cudahy, Wisconsin. Defendant Roadrunner Transportation Systems, Inc. does business in Illinois and operates facilities in Illinois.

6.      Defendant Adrian Carriers, LLC is a foreign corporation incorporated under the laws of Delaware with its headquarters in Milan, Illinois. Defendant Adrian Carriers, LLC does business in Illinois and operates facilities in Illinois.

7.      Defendant Adrian Carriers, LLC is a wholly owned subsidiary of Defendant Roadrunner Transportations, Inc., and together they operate a common enterprise.

**III.    JURISDICTION**

8.      The Court has personal jurisdiction over Plaintiffs and the class they seek to represent because they are citizens of the State of Illinois and/or worked for Defendants in the

State of Illinois, including this judicial district.

9. The Court has personal jurisdiction over Defendants because they do business in the State of Illinois, including this judicial district, and their conduct in the State of Illinois underlies all claims in this suit.

10. The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2). Taken individually, Plaintiffs' claims exceed $75,000 and Plaintiffs' class claims in total exceed $5 million.

### IV. STATEMENT OF FACTS

11. The Defendants are in the business of providing the delivery of shipping containers and equipment to customers such as Deere & Company, Caterpillar, Archer Daniels Midland, and Alcoa. In order to carry out this central function, Defendants utilize both drivers classified as employees as well as Plaintiffs and similarly situated drivers, with whom they purport to contract as "independent contractors," to drive a delivery truck and to deliver shipping containers and equipment to Defendants' customers.

12. Defendants provide these delivery services out of a facility in Milan, Illinois. Plaintiffs and other similarly situated drivers are typically required to report to or contact Defendants' dispatcher based in Joliet, Illinois, at 4:00 AM each morning. Drivers are then given assignments from Defendants as to where, when and which chassis and container the drivers must pick up. The drivers then transport the containers either to Defendants' facility in Milan, Illinois, or directly to the Defendants' customers.

13. In order to work for the Defendants, the Plaintiffs and similarly situated drivers were required to sign an "Independent Contractors Agreement" (hereinafter "the Agreement")

which purported to classify the Plaintiffs and similarly situated drivers as independent contractors rather than employees.

14. Defendants required that Plaintiffs and similarly situated drivers provide their own truck, which the drivers, through Defendants, either own or lease.

15. Defendants required that Plaintiffs' and similarly situated drivers' trucks bear Defendant Adrian Carriers, LLC's Department of Transportation number on the cab.

16. Defendants required that Plaintiffs' and similarly situated drivers' trucks bear Defendant Adrian Carriers, LLC's logos on both sides of the cab.

17. Although the Defendants classified named Plaintiffs, as well as other similarly situated drivers as "independent contractors", they controlled nearly every aspect of Plaintiffs' and similarly situated drivers' work. Such control includes, but is not limited to the following:

   a) Defendants required Plaintiffs and other similarly situated drivers to comply with instructions dictated by written and unwritten policies, procedures, and directives regarding Plaintiffs' and other similarly situated drivers' duties.

   b) Plaintiffs, as well as other similarly situated drivers, were required to report to or contact dispatchers employed by the Defendants in Illinois, at a pre-set time determined by Defendants, at which time the Plaintiffs and other similarly situated drivers are provided with delivery assignments.

   c) Plaintiffs and other similarly situated drivers were instructed by Defendants which chassis and container to pick up, the location of the chassis and container, as well as the time the container will be loaded onto the chassis. Plaintiffs and other similarly situated drivers have no discretion with respect to which loads they

would pick up or deliver or when. Additionally, the Defendants dictate the time by which the delivery must be made.

d) Defendants employ managers who had supervisory responsibility over Plaintiffs and other similarly situated drivers, and who could and did assign and direct their work.

e) Plaintiffs and other similarly situated drivers were required to purchase and carry Qualcomm electronic log units with GPS, which allows the Defendants to track where the drivers are throughout the day. Defendants' dispatchers and supervisors also communicate with the Plaintiffs and similarly situated drivers while they are driving using the Qualcomm devices and via telephone in order to convey instructions and otherwise oversee the drivers.

f) In order to be hired, the Plaintiffs and other similarly situated drivers were required to undergo background checks. Plaintiffs and other similarly situated drivers were also required, under threat of termination, to take periodic urinalysis drug and alcohol tests during their employment.

g) Defendants required Plaintiffs and other similarly situated drivers to obtain insurance from an insurer dictated by Defendants in specific amounts such as non-trucking liability insurance, passenger insurance, occupational accident insurance, public liability insurance, property damage and cargo insurance.

h) If the Plaintiffs or other similarly situated drivers wish to take a day off, the Defendants required them to give at least twenty-four hours advanced notice, and the Plaintiffs and other similarly situated drivers would be written up or otherwise disciplined if they failed to provide such notice.

      i) Defendants advised Plaintiffs and other similarly situated drivers that their refusal to drive a load that had been assigned to them would result in immediate termination of their employment.

18. Plaintiffs and other similarly situated drivers had no control over the amount(s) charged for their delivery services. They were not permitted to negotiate with retail customers regarding the rates charged for their services.

19. Plaintiffs and other similarly situated drivers were paid similar fixed rates per delivery, set by the Defendants, which drivers were not permitted to negotiate.

20. Defendants did not allow Plaintiffs and other similarly situated drivers to work for other companies, and Defendants' management advised Plaintiffs and other similarly situated drivers that performing delivery services for other companies would result in termination of their employment.

21. Plaintiffs and other similarly situated drivers typically worked full time, either five or six days per week. Usually the Plaintiffs and other similarly situated drivers worked approximately forty-five to sixty hours per week.

22. Defendants, at their sole discretion, made deductions from Plaintiffs' and other similarly situated drivers' compensation checks for, among other things, such costs as damage claims, physical damage insurance, load insurance, "rent" for the Qualcomm units, a so-called tax escrow, fuel, fuel taxes, toll payments, direct deposit fees, truck repairs and maintenance.

23. Plaintiffs and similarly situated drivers either lease or lease-to-own their trucks through the Defendants. However, when the Plaintiffs' and other similarly situated drivers' employment has ended, the Defendants seize the drivers' trucks, regardless of whether the driver

has taken the lease-to-own option, and the amount paid by the drivers on the trucks is not remitted to the drivers.

24. Plaintiffs and other similarly situated drivers performed services, pickup and delivery of containers an equipment, which was/is within the usual course of business of the Defendants. Plaintiffs and other similarly situated drivers perform some of their work within facilities controlled by Defendants.

25. Plaintiffs and other similarly situated drivers were entirely dependent upon Defendants for their work, as they were not allowed and as a practical matter could not work for other employers.

26. Plaintiffs and other similarly situated drivers were not in an independently established trade, occupation, profession or business.

## V. CLASS ALLEGATIONS

27. Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23 for the following class: All persons who have worked for the Defendants as delivery drivers in Illinois at any time during the applicable limitations period and who have been classified as independent contractors rather than employees.

28. The members of the class are so numerous that joinder of all members of the class is impracticable. Upon information and belief, the putative class numbers hundreds of drivers.

29. Common issues of law and fact predominate the claims of the entire Plaintiff Class. Specifically, all claims are predicated on a finding that Plaintiffs and other similarly situated drivers were improperly classified as independent contractors by Defendants when they were in fact employees. In short, the claims of the named Plaintiffs are identical to the claims of the class members.

30. The named Plaintiffs are adequate representatives of the class because all potential plaintiffs were subject to Defendants' uniform practices and policies. Further, the named Plaintiffs and potential class plaintiffs have suffered the same type of economic damages as a result of Defendants' uniform practices and policies.

31. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs' counsel is competent and experienced in litigating large wage and hour class and collective actions.

32. Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent ruling which would be contrary to the interest of justice and equity.

**Count I**
**Illinois Wage Payment and Collection Act**
**(Class Action)**

33. Plaintiffs incorporate Paragraphs 1-32 herein.

34. Defendants violated the IWPCA, 820 ILCS 115/1 et seq., by failing to properly compensate Plaintiffs for all hours worked.

35. Additionally, Defendants violated the IWPCA, 820 ILCS 115/1 et seq., by making unlawful deductions from Plaintiffs' pay.

36. Plaintiffs seek all unpaid wages as well as reimbursement for all unlawful deductions taken by Defendants from their pay.

## Count II
## Unjust Enrichment
### (Class Action)

37.    Plaintiffs incorporate Paragraphs 1-32 herein.

38.    As a result of Defendants' conduct as described above, Defendants unjustly enriched themselves to the detriment of Plaintiffs and Class Members in violation of the common law of the State of Illinois. Such unjust enrichment includes Defendants' requiring Plaintiffs and Class Members to be subject to deductions for the costs of worker's compensation insurance, liability insurance, and fuel among others.

## Count III
## Quantum Meruit
### (Class Action)

39.    Plaintiffs incorporate Paragraphs 1-32 herein.

40.    Plaintiffs and Class Members have been deprived by Defendants of the fair value of their services, as described above, and are, therefore, entitled to recover in *quantum meruit*, the value of their services pursuant to the common law of Illinois.

## JURY DEMAND

**PLAINTIFFS REQUEST A TRIAL BY JURY ON ALL CLAIMS.**

### Prayer for Relief

WHEREFORE, Plaintiffs request that the Court enter the following relief:

1. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23;

2. Grant Plaintiffs and the Class Members damages as proved at trial, including damages for the deductions taken from Plaintiffs' compensation checks, among other damages;

3. Statutory damages pursuant to the formula set forth in 820 ILCS 115/14(a);

4. Pre and post-judgment interest to the fullest extent permitted under law;

5. Reasonable attorney's fees and costs;

6. Any other relief to which the Plaintiffs and the Class members may be entitled.

Respectfully submitted,

/s/ James B. Zouras_____
James B. Zouras
Stephan Zouras, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, IL 60601
Telephone: 312-233-1550
jzouras@stephanzouras.com

Harold Lichten, BBO# 549689
(*pro hac vice* forthcoming)
Thomas Fowler, BBO# 688521
(*pro hac vice* forthcoming)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
hlichten@llrlaw.com
tfowler@llrlaw.com